Burke, J.
(dissenting). Again, as in People v. Cerullo and Moccio (18 N Y 2d 839), I am constrained to disagree with the decision of this court affirming a conviction based in part upon a confession alleged to have been induced by means of police brutality. Again, as in Gerullo and Moccio, it is the Nassau County Police who are accused of having beaten the defendant to obtain his confession. As in Gerullo and Moccio the jail physician’s examination of the prisoner revealed contusions of the upper abdomen and chest (the sort of injuries produced by blows with fists) and the doctor’s medical report contained an unqualified diagnosis of injuries. These injuries were characterized as being of “recent origin”. They were unexplained by the People. Here, also, much is made of the fact that there were only minimal visible signs of the injuries, but again, I would point out, there was no evidence in the record rebutting defendant’s medical evidence corroborating his claim of police brutality. On the grounds relied upon in my dissent in People v. Gerullo and Moccio I would here reverse and order a new trial.
I do not agree that an examination of the evidence such as I have called for in my dissenting opinions here and in People v. Gerullo and Moccio (supra) would constitute an overreaching of the bounds of our jurisdiction. Section 3 of article VI of our State Constitution, restricting our review to “ questions of law” in cases such as these, does not declare what are “ questions of law ’ ’. It has required a judicial gloss upon the Constitution to. define the term. Our cases are clear that when the People have failed to meet the required standard of proof a question of law is presented. (See Cohen and Karger, Powers of the Court of Appeals, § 198, pp. 744-745, and cases cited therein.) This standard of proof is not to be confused with that required in a civil case, where we will not disturb the findings below if they are supported by some evidence. We require in criminal cases proof sufficient to justify the inference drawn by the trier of fact “beyond a reasonable doubt”. This is the burden of proof that the People must bear on the issue of voluntariness. (People v. Huntley, 15 N Y 2d 72, 78.)
There is in this record, in addition to the evidence of police brutality, other evidence tending to corroborate defendant’s contention that his confession was involuntary. Most significant among the other factors tending to show involuntariness is the *394 fact of sustained police interrogation throughout the entire night following defendant’s arrest. The testimony by the police officers who questioned defendant on the question of the defendant’s condition at the time he gave his statement was evasive and unsatisfactory. The unquestioned fact is that defendant had been in police custody over 12 hours when he gave his first statement at 4:00 a.m. on the morning following his arrest and he had been interrogated continuously by teams of detectives throughout practically the. entire period of detention. “ In such circumstances slowly mounting fatigue does, and is calculated to, play its part.” (Spano v. New York, 360 U. S. 315, 322.)
This confession should have been ruled as a matter of law to be inadmissible. (People v. Barbato, 254 N. Y. 170, 173.) ‘ ‘ ‘ [A] verdict that it was freely made would be clearly against the weight of evidence ’ ”. (Ibid.)
I would reverse.
Judges VaN Voorhis, Bergak and KeatiNg concur with Judge Scileppi; Chief Judge DesmoNd concurs in a separate opinion in which Judge KeatiNg also concurs ; Judge Fuld concurs in result; Judge Burke dissents and votes to reverse in an opinion.
Judgment, as amended, of Appellate Division modified in accordance with the opinion herein and, as so modified, affirmed.